EX PARTE RICHARD GALLOGLY.

No. 20855. Delivered December 20, 1939.

The opinion states the case.

*Leake, Henry & Young,* of Dallas, and *Martin, Moore & Brewster,* of Fort Worth, for relator.

*Ellis Arnall,* Assistant Attorney General of State of Georgia, *Herschel E. Smith,* Assistant Attorney General of State of Georgia, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

This is an original application for bail pending appeal to the Court of Criminal Appeals from an order of a District Judge remanding relator in an extradition proceeding.

Relator had been convicted in the State of Georgia in two cases of murder, a life sentence in the penitentiary having been assessed in each case. He escaped from the penitentiary, came to Texas and then surrendered himself to the Sheriff of Dallas County, Texas. The Governor of Georgia issued a requisition to the Governor of Texas seeking relator's return to the State of Georgia. The requisition was honored and the Governor of Texas issued an extradition writ directing that relator be delivered to the agents of the State of Georgia to be returned to said state. Relator then obtained from the Hon. Grover Adams, Judge of the Criminal District Court of Dallas County, Texas, a writ of habeas corpus upon an averment that he was illegally restrained of his liberty. Upon a hearing Judge Adams remanded relator to the agents of the State of Georgia. Relator gave notice of appeal from said judgment to the Court of Criminal Appeals of Texas, and requested said trial judge to fix bond for relator to the end that he might be released from custody pending said appeal. The trial judge denied the request that bail be allowed. Relator now presents to this Court an original application for writ of habeas corpus contending that he is entitled to bail pending said appeal and that this court should fix the amount of bond and order his release upon giv-

ing same, and that he should go at liberty until this Court determines the validity of the judgment in the habeas corpus proceeding.

Relator predicates his contention that he is entitled to bail pending appeal on an Act of the 40th Legislature, page 66, Ch. 43, Sec. 1, and appearing in 1939 Cumulative Pocket Part in Vernon's Ann. Tex. C. C. P., Vol. 3, as Art. 857a. For convenience it will be hereafter referred to as such article. It reads as follows: "In any habeas corpus proceeding in any court or before any judge in this State where the defendant is remanded to the custody of an officer and an appeal is taken to an Appellate Court, the defendant shall be allowed bail by the court or judge so remanding the defendant, except in capital cases where the proof is evident. The fact that such defendant is released on bail shall not be ground for a dismissal of the appeal except in capital cases where the proof is evident."

Section 2 of the original Act reads as follows: "The fact that under present laws very frequently a defendant must lie in jail for a long period of time while an appeal is taken to an appellate court from an order or judgment remanding the defendant to the custody of an officer and in many cases this is true where the offense is a minor one, creates an emergency and an imperative public necessity that the Constitutional rule requiring bills to be read on three several days in each House be suspended and said rule is hereby suspended and that this Act shall take effect and be in force from and after its passage, and it is so enacted."

Relator takes the position that the application given said Art. 857a in Ex Parte Anderson, 133 Tex. Crim. Rep., 589, 113 S. W. (2d) 551—an extradition case—is binding on this Court and is direct authority supporting his request for bail. It will be observed that Anderson was not an escaped felony convict. It was sought to return him to the State of Minnesota to answer a felony charge there pending against him. The presumptions of innocence were still operative in his favor. Here the judgments of conviction against relator upon two charges of murder with life imprisonment in each case entirely change the presumption. Said judgments are presumptively correct and have fixed relator's status as a convicted felon. So the question here is, should the statute invoked be so construed as to entitle relator to be enlarged on bail while his record on appeal is being prepared for submission to this Court for us to determine thereon whether he go back to Georgia to continue serving the sentence there imposed? We think the Anderson case is not controlling here.

In Section 11, Article 1 of the Bill of Rights, Constitution of the State of Texas, it is provided: "All prisoners shall be bailable by sufficient sureties, unless for capital offenses, when the proof is evident; but this provision shall not be construed as to prevent bail after indictment found upon examination of the evidence, in such manner as may be prescribed by law."

In 1874 it was provided in the Code of Criminal Procedure that when a defendant appealed in any case of felony he should be committed to jail until the decision of the Supreme Court could be made, the Supreme Court of the State at that time having jurisdiction in criminal as well as civil matters. In Ex Parte Ezell and Ivey, reported in 40 Texas, page 450, it is disclosed that Ezell and Ivey had been convicted of a felony in the District Court of Travis County, Texas, and had given notice of appeal to the Supreme Court. They made application for bail after conviction to the district judge and upon refusal they applied to the Supreme Court for a writ of habeas corpus; their contention being that under the provision of the Bill of Rights heretofore quoted that they were entitled to bail pending their appeal and that the statute referred to was unconstitutional as infringing upon the provision of said Bill of Rights. Notwithstanding the inclusive language found in the Bill of Rights to the effect that "all prisoners" should be entitled to bail the Supreme Court held that it had reference only to prisoners before conviction of felonies and that such unconvicted were alone those designed by such provision to be secured the absolute constitutional right of bail. Judge Roberts in the opinion construing the provision of the Bill of Rights in question quoted, in part, with approval from an opinion of the court of North Carolina to the effect that such provision evidently related to prisoners before conviction "for after conviction there is no such thing as proof and presumption." The court denied the application of Ezell and Ivey for bail.

Under our present Code of Criminal Procedure Art. 815 permits bail pending appeal where punishment of accused has been assessed at confinement in the penitentiary for any period of fifteen years or less. In the event punishment be assessed at a term of more than fifteen years accused upon appeal could make the same application for bail under the same provision of the Bill of Rights as was invoked by Ezell and Ivey. If accused should attempt to present the matter by application for writ of habeas corpus to a trial judge and were remanded without bail, then upon notice of appeal to this Court he could present exactly the same contention as relator in this case urges; that because it was an appeal in a habeas corpus matter Article

857a of the Code of Criminal Procedure was applicable, and notwithstanding the restriction of Article 815 C. C. P., heretofore referred to, he would be entitled to release upon bail pending a hearing of his appeal. It is significant, we think, that in enacting Article 857a the Legislature adopted the same language found in Sec. 11, Art. 1. of the Bill of Rights, to the effect that the defendant remanded under a writ of habeas corpus should be allowed bail "except in capital cases where the proof is evident." This language itself, in the light of the holding in Ex parte Ezell and Ivey (supra) would justify this Court in reaching the conclusion that the Legislature had in mind the release upon bail of parties appealing in habeas corpus proceedings prior to felony convictions.

Illustrations of the unsoundness of relator's contention, we think, might be multiplied. While it is true that the convictions dealt with in the present instance are those occurring in a sister state, yet the judgments of convictions under such circumstances are entitled to the same faith and credit as must be awarded to judgments in our own courts. An accused convicted in the district court of our own State of a felony and sentenced to the penitentiary for fifty, or seventy-five years, or for life, and while serving such term, might present an application for writ of habeas corpus to the trial judge and be remanded to the penitentiary authorities after a full and fair hearing thereof, and with no semblance of merit in his application, yet give notice of appeal to this Court, and because it was a proceeding in habeas corpus he could under relator's contention here invoke Article 857a and insist that the trial court or the Court of Criminal Appeals should turn him out of the penitentiary on bond while this Court was determining whether or not he ought to remain in the penitentiary.

In Ex parte Roark, 124 Tex. Crim. Rep. 374, 61 S. W. (2d) 833, and Ex parte Crawford, 134 Tex. Crim. Rep. 508, 116 S. W. (2d) 748, it was held that notwithstanding the liberality of the language in the Bill of Rights, Section 11, Art. 1, (supra) an insane party was not entitled to bail pending appeal. Art. 857a C. C. P. was not discussed in either of the opinions. It might be contended, however, that if a party adjudged to be insane should seek enlargement through a writ of habeas corpus presented to a trial judge, and although remanded to the custody of the asylum authorities upon evidence which showed him to be violently and dangerously and homicidally insane he could request bail and if denied it by the trial judge, he could because it was a habeas corpus proceeding, invoke the provision of Art. 857a C. C. P. and insist that he be enlarged upon bail

while this or some other appellate court was determining whether he should in fact remain in the asylum.

It follows from what has been said that we do not believe that the article in question has application in the present instance where relator has escaped while serving a term on felony conviction in a sister state.

The application for bail is refused.