**Robert CREE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–90–330–CR.**

Court of Appeals of Texas,
Corpus Christi.

June 12, 1991.

Rehearing Overruled Aug. 29, 1991.

---

75

W.J. Sames, Corpus Christi, for appellant.

Grant Jones, James Rosenkild, Corpus Christi, for appellee.

Before KENNEDY, SEERDEN and HINOJOSA, JJ.

## OPINION

KENNEDY, Justice.

Pursuant to a plea bargain, appellant pled guilty to the offense of retaliation. Punishment was assessed at five years in prison, and that term was probated. We affirm.

In his first point of error, appellant contends that the trial court erred in not holding a hearing on an application for writ of habeas corpus which appellant claims was filed in the trial court on the day on which he pled guilty.[1] We overrule appel-

---

1. A copy of the purported application is contained in the transcript. It contains no file stamp, and nothing in this record shows that it was ever filed or presented to the trial court.

The purported application for habeas corpus alleged that there was no probable cause to detain appellant and that no indictment had been returned against appellant. It also alleged

lant's point for several reasons. First, the record fails to show that the application for writ of habeas corpus was ever filed in the trial court. Second, even if it was filed, a trial court is not required to hold a hearing on an application for writ of habeas corpus. *See Mayes v. State*, 538 S.W.2d 637, 639 (Tex.Crim.App.1976). Third, assuming *arguendo* that the application was filed and that the trial court refused to hold a hearing, such refusal is not an appealable matter. *Ex parte Johnson*, 561 S.W.2d 841, 842 (Tex.Crim.App.1978). Fourth, even if the trial court denied habeas corpus relief, of which there is no showing in the record, the matter would not be a proper ground for review on the appeal of the conviction. Only those proceedings which are conducted in the present cause are reviewable. *See Gribble v. State*, 130 Tex.Crim. 152, 95 S.W.2d 711, 712 (1936) (habeas corpus record not properly included in record on appeal from conviction). For these reasons, appellant's first point of error is overruled.

■ In his second point, appellant contends that he was not properly admonished by the trial court before pleading guilty. The Code of Criminal Procedure allows a trial court to admonish a defendant in writing, which the court did in this case. *See* Tex.Code Crim.Proc.Ann. art. 26.13(d) (Vernon 1989). Appellant complains that the written admonitions failed to notify him of the date of the offense and the correct range of punishment. The written form contained a space for the trial court to state the date of the offense. This space was left empty. We find that this omission does not constitute error. Although the form may have contained a space for the offense date, nothing in the Code of Criminal Procedure requires that the written admonition state the date of the offense. *See* Tex.Code Crim.Proc.Ann. art. 26.13(a) (Vernon 1989). Because the trial court was not required to admonish on the date, this portion of appellant's argument is without merit.

With respect to the range of punishment, we find that the trial court's admonition was wrong. The written form contained blanks for the trial court to fill in the punishment range for the offense. The spaces were filled in backwards so that the range for a third degree felony read "not more than 2 or less than 10 years" rather than "not more than 10 or less than 2 years." While the admonition was technically incorrect, we find no reversible error. The Code of Criminal Procedure provides:

In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.

Tex.Code Crim.Proc.Ann. art. 26.13(c) (Vernon 1989).

When a trial court admonishes a defendant on an incorrect punishment range, the burden shifts to the defendant to show that he entered his plea without understanding the consequences of his action and was misled or harmed by the admonition. *Ex parte Smith*, 678 S.W.2d 78, 79 (Tex.Crim. App.1984); *Ex parte McAtee*, 599 S.W.2d 335, 336 (Tex.Crim.App.1980); *Gonzales v. State*, 746 S.W.2d 902, 904 (Tex.App.—Corpus Christi 1988, no pet.). Appellant has not affirmatively shown that he entered the plea without understanding the consequences. Moreover, the fact that appellant reached a plea agreement for a five-year punishment, a term within the correct range yet excluded from the misstated range, is circumstantial evidence that he understood the punishment range to be not less than two nor more than ten years. Appellant's second point of error is overruled.

■ In his third point, appellant contends that the trial court erred in finding him guilty. Appellant argues that the trial court should have seen that he would not have pled guilty in the absence of some persuasion. Appellant points out that the

that appellant was due in San Antonio in about a week's time for surgery or chemotherapy treatment. The document, having never been

filed in this cause, is not properly in this appellate record.

only clear evidence of the offense would have been the testimony of the victim, and he argues that no sane defendant would have pled guilty when the evidence was essentially "her word against mine." Appellant further argues that because the evidence would have been controverted, "reasonable doubt is evident on the face of the record." After considering appellant's argument, we cannot find that the trial court erred in finding appellant guilty on his plea of guilty, when the plea was supported by appellant's judicial confession and an affidavit of the victim setting forth the threats which appellant made against her. Appellant's third point is overruled.

In his fourth point, appellant contends that the trial court "erred and abused its discretion by failing to file its statement of the proceedings that took place." The record shows that after trial, appellant filed a formal bill of exception. The gist of appellant's bill was he did not enter his plea voluntarily. The bill contained appellant's affidavit in which he stated, among other things, that he was in great pain on the day he pled guilty and did so that he could get probation and be free to attend a medical appointment. The State filed an objection to the bill, stating that it did not concern rulings or action of the court and related to matters which were not within the trial court's knowledge. After this, the trial judge disapproved appellant's bill.

Tex.R.App.P. 52(c)(6)–(7) provides that if a trial judge finds a bill incorrect, he shall suggest changes and then, if the party does not agree to the changes, shall file his own bill which, in his opinion, presents the ruling of the court as it occurred. In disapproving appellant's bill, the trial court did not suggest changes or present his own bill presenting the facts which occurred. Under the circumstances, we find no error in the trial court's action. Appellant's bill concerned no matters which occurred in the court's presence. Therefore, suggested changes or even a bill presenting the trial court's version would have been impossible for the trial court to construct. The trial court did not err in simply refusing the bill. *See Houston Lighting v. Russo Proper-*

*ties, Inc.,* 710 S.W.2d 711, 717 (Tex.App.—Houston [1st Dist.] 1986, no writ). Appellant's fourth point of error is overruled.

In his fifth point, appellant contends that the trial court erred in its overall handling of the case, effectively denying appellant a fair and impartial trial. Appellant contends that the record shows a "rushed, hurry-up attempt to usher a defendant [needing medical care] out of court." Appellant does not specifically refer to any particular ruling or improper procedure, and as noted above, nothing in this record, except appellant's bill of exception which was disapproved, mentions anything about medical care. A point of error which refers to nothing in the record and generally complains of unfairness fails to preserve error for review. *See Foster v. State,* 779 S.W.2d 845, 864 (Tex.Crim.App. 1989). Appellant's fifth point is overruled.

The judgment of the trial court is affirmed.