**In re Vernon MAXWELL, Relator.**

No. 14–98–00446–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 11, 1998.

Michael B. Charlton, Ronald Wilson, Houston, for relator.

Roe Wilson, Houston, for respondent.

Before MURPHY, C.J., and HUDSON and O'NEILL, JJ.

## OPINION

HUDSON, Justice.

Relator was convicted of the misdemeanor offense of possession of marihuana and sentenced to serve 90 days in the Harris County Jail. The conviction was subsequently affirmed on appeal. After the issuance of the mandate, Relator was taken into custody to begin serving his sentence. While in custody, Relator filed with the county criminal court at law an application for a post-conviction writ of habeas corpus challenging the validity of his conviction. The county criminal court at law refused to issue the writ and Relator filed his application with the district court.[1] The district court issued the writ, but after a hearing, denied relief. Relator then filed an appeal to this court and requested bail under the authority of Article 44.35 of the Code of Criminal Procedure. The district court refused to set bail. Relator then filed a petition for writ of mandamus with this Court contending the district court had a mandatory, ministerial duty to set bail. We deny the petition for writ of mandamus.

To be entitled to mandamus relief in a criminal matter, a relator must demonstrate that the act sought to be compelled is purely ministerial as opposed to discretionary and that he or she has no other adequate remedy at law to redress the harm. *Stotts v. Wisser*, 894 S.W.2d 366, 367 (Tex.Crim.App. 1995); *State ex rel. Holmes v. Court of Ap-*

---

1. Although Article 11.09 of the Code of Criminal Procedure provides that an application for a writ of habeas corpus in a misdemeanor case should be filed in the county court, the statute is merely advisory and does not deprive the district court of its jurisdiction to hear post-conviction habeas corpus petitions in misdemeanor cases. *State ex rel. Rodriguez v. Onion*, 741 S.W.2d 433, 434 (Tex.Crim.App.1987).

*peals*, 885 S.W.2d 389, 392 (Tex.Crim.App. 1994). An act is "ministerial" if it constitutes a duty clearly fixed and required by law. *State ex rel Curry v. Gray*, 726 S.W.2d 125, 128 (Tex.Crim.App.1987). Thus, mandamus will issue where there is but one proper order or where a judge acts beyond his or her statutory authority. *State ex rel Holmes*, 885 S.W.2d at 392.

Bail evolved from an ancient and extremely rigorous form of suretyship found in English, Norman and French tradition which permitted the surety to stand in the place of the prisoner and rendered him liable to suffer his punishment if the prisoner did not appear.[2] This tradition developed out of a recognition that imprisonment before trial is "only for safe custody, and not for punishment."[3] Therefore, where bail would insure the prisoner's "safe custody," i.e., his appearance at trial, it became a matter of right. Blackstone tells us:

> By ancient common law, before and since the conquest, all felonies were bailable, till murder was excepted by statute: so that persons might be admitted to bail *before conviction* almost in every case.[4]

(Emphasis added). Thus, the concept of bail is closely connected to the presumption of innocence.[5] *Nguyen v. State*, 881 S.W.2d 141, 143 (Tex.App.-Houston [1st Dist.] 1994, no pet.).

At the moment of conviction, the presumption of innocence ceases and the common law rationale for bail is extinguished. However, our Constitution plainly provides that "*all* prisoners shall be bailable by sufficient sureties."[6] Nevertheless, the expression "all prisoners" has been given a restrictive interpretation consistent with the common law tradition that bail was available as a matter of right only to those awaiting trial. When interpreting a similarly worded provision found in the Constitution of 1869,[7] the Supreme Court wrote:

> Although the terms "all prisoners" are used, it is evident that it was not meant to require all prisoners under all circumstances to be bailed, but must refer to a class of prisoners, each and all of whom shall be bailed except as therein provided.

*Ex parte Ezell*, 40 Tex. 451, 454 (1874). The court came to this conclusion by first examining the traditional function of bail and noting that under common law "[b]ail is only proper where it stands indifferent whether the party be guilty or innocent of the accusation against him, as it often does before his trial; but where that indifference is removed, it would, generally speaking, be absurd to bail him." *Id.*, at 460 [citing Hurd, Habeas Corpus 430–31]. The court bolstered its holding by observing that in capital cases where proof is evident, the Constitution provides an

**2.** 2 Sir Frederick Pollock & Frederic Maitland, The History of English Law 589 (1899).

**3.** 4 William Blackstone, Commentaries 295 (1769).

**4.** 4 William Blackstone, Commentaries 295 (1769).

**5.** In Blackstone's time, bail was a substitute for gaol, a place of *temporary* confinement. "As distinguished from 'prison,' it is said to be a place for temporary or provisional confinement, or for the punishment of the lighter offenses and misdemeanors." Black's Law Dictionary 680 (6th ed.1990). Thus, as early as the sixteenth century the law recognized that persons confined *before conviction*, who could not make bail, were to be treated differently than persons confined after conviction. Blackstone observed:

> But this imprisonment, as has been said, is only for safe custody, and not for punishment: therefore, in this dubious interval between the commitment and trial, a prisoner ought to be used with the utmost humanity; and neither be loaded with needless fetters, or subjected to other hardships than such as are absolutely

requisite for the purpose of confinement only: though what are so requisite, must too often be left to the discretion of the gaolers [jailers]; who are frequently a merciless race of men, and, by being conversant in scenes of misery, steeled against any tender sensation. Yet the law will not justify them in fettering a prisoner, unless where he is unruly, or has attempted an escape....

*Id.*, at 297.

**6.** Tex. Const. art. I, § 11.

**7.** Section 9 of Article 1 of the 1869 Constitution provided: "All prisoners shall be bailable upon sufficient sureties, unless for capital offences, when the proof is evident...." This exact language was used in the constitutions of 1866, 1861, and 1845. It varies only superficially from the guarantee contained in the 1836 Constitution of the Republic of Texas which provided that "all prisoners shall be bailable upon sufficient security, unless for capital crimes, when the proof is evident or presumption strong."

exception to the general right to bail.[8] The court concluded that because the exception applied only to capital prisoners *before conviction*, the constitutional right to bail was similarly restricted to prisoners *awaiting trial. Id.*, at 458.

Today, it is well established that not all prisoners have a constitutional right to bail. By its use of the term "all prisoners," the constitution refers to that class of prisoners who are awaiting trial. *See Ex parte Lowe*, 573 S.W.2d 245, 247 (1978) (holding that "prisoners after conviction are not guaranteed the right to bail pending appeal"). The phrase "has reference to prisoners before conviction." *Ex parte McBride*, 108 Tex.Crim. 618, 2 S.W.2d 267 (1928). "Prisoners after conviction are not guaranteed the right of bail."[9] *Id.*

Of course, in *McBride*, the Court of Criminal Appeals clearly had reference to a person's *constitutional* right to bail. Relator relies on a *statutory* right to bail, and the legislature has specifically provided for post-conviction bail in some instances. *See* TEX. CODE CRIM. PROC. ANN. art. 44.04 (Vernon Supp.1998). Relator contends Article 44.35, like Article 44.04, provides for bail after conviction. Article 44.35 states:

> In any habeas corpus proceeding in any court or before any judge in this State where the defendant is remanded to the custody of an officer and an appeal is taken to an appellate court, the defendant shall be allowed bail by the court or judge so remanding the defendant, except in capital cases where the proof is evident. The fact that such defendant is released on bail shall not be grounds for a dismissal of the appeal except in capital cases where the proof is evident.

TEX.CODE CRIM. PROC. ANN. art. 44.35 (Vernon 1979). Relator claims the plain wording of the statute entitles him to bail. Were we writing on a clean slate, we might be inclined to agree. However, this issue was decided adversely to relators position almost 60 years ago in *Ex parte Gallogly*, 138 Tex.Crim. 115, 134 S.W.2d 666 (1939).

In *Gallogly*, the relator was convicted of two murders in the State of Georgia where he was serving two life sentences when he escaped and fled to Texas. While relator was being held in this state under the authority of a writ of extradition, he filed an application for a writ of habeas corpus claiming he was illegally restrained of his liberty. The district court denied the requested relief. The relator gave notice of appeal and requested the court fix bond during the pendency of the appeal under the authority of Article 857a of the Code of Criminal Procedure. This provision of the former code is virtually identical to Article 44.35 of the present Code.[10] Because the statute incorporates the phrase "except in capital cases where proof is evident," the Court of Criminal Appeals concluded that like Section 11 of Article I of the Constitution, Article 44.35 only has application to appeals from the denial of writs filed *prior* to a conviction. *Gallogly*, 134 S.W.2d at 667–68; *see also Ex parte Quinn*, 549 S.W.2d 198, 200 (Tex.Crim.App. 1977).

---

8. A similar exception to bail also existed in common law. Blackstone states that in the case of certain felonies:

> ... and other offences of a capital nature, no bail can be a security equivalent to the actual custody of the person. For what is there that a man may not be induced to forfeit, to save his own life? and what satisfaction or indemnity is it to the public, to seize the effects of them who have bailed a murderer, if the murderer himself be suffered to escape with impunity?

4 WILLIAM BLACKSTONE, COMMENTARIES 294 (1769).

9. The Court of Criminal Appeals clearly had reference here to a person's *constitutional* right to bail. The legislature can, and has, provided a statutory right to bail pending appeal.

10. Article 857a of the former Code of Criminal Procedure said:

> In any habeas corpus proceeding in any court or before any judge in this State where the defendant is remanded to the custody of an officer and an appeal is taken to an appellate court, the defendant shall be allowed bail by the court or judge so remanding the defendant, except in capital cases where proof is evident. The fact that such defendant is released on bail shall not be ground for a dismissal of the appeal except in capital cases where proof is evident.

Act of February 21, 1927, 40th Leg., R.S., ch. 43, § 1, 1927 Tex. Gen. Laws 66.

Ordinarily, we must give effect to the plain meaning of a statute. *See Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Crim.App. 1991). However, as an intermediate appellate court, we must also yield to a higher court's interpretation of the same statute. In light of the Court of Criminal Appeals' opinion in *Gallogly*, we hold Article 44.35 is not applicable to an appeal from the denial of relief in a hearing on a *post-conviction* writ of habeas corpus.

Accordingly, the district court had no mandatory duty to set bail. Relator's petition for writ of mandamus is denied.