

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00099-CR

_____

EX PARTE: CAROL PASELK

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 00665

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Carol Paselk's appeal of the denial of her petitions for habeas corpus relief has it origins in two previous convictions in the County Court at Law of Hopkins County for cruelty to livestock animals.[1]  In 2010, we upheld both convictions.  *Paselk v. State*, No. 06-09-00214-CR, 2010 WL 3034258, at *1 (Tex. App.—Texarkana Aug. 5, 2010, pet. ref'd) (mem. op., not designated for publication); *Paselk v. State*, No. 06-09-00215-CR, 2010 WL 3034255, at *1 (Tex. App.—Texarkana Aug. 5, 2010, pet. ref'd) (mem. op., not designated for publication). Paselk filed on April 21, 2014, petitions for writs of habeas corpus in the 8th Judicial District Court of Hopkins County arguing, among other things, that the two convictions were void and maintaining that the County Court at Law lacked subject-matter jurisdiction.

Article 11.072 of the Texas Code of Criminal Procedure "establishes the procedures for an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision."[2]  TEX. CODE CRIM. PROC. ANN. art. 11.072, § 1 (West Supp. 2014); *Villanueva*, 252 S.W.3d at 395–96. Article 11.09 of the Texas Code of Criminal Procedure establishes the procedure for seeking a

---

[1]*See* TEX. PENAL CODE ANN. § 42.09 (West 2011).

[2]Paselk has completed both her sentence and her community supervision term.  "The writ of habeas corpus is the remedy to be used when any person is restrained in his liberty."  TEX. CODE CRIM. PROC. ANN. art. 11.01 (West Supp. 2014).  "It is an order issued by a court or judge of competent jurisdiction, directed to any one having a person in his custody, or under his restraint, commanding him to produce such person, at a time and place named in the writ, and show why he is held in custody or under restraint."  *Id.*  "The terms 'confinement' and 'restraint,' for habeas corpus purposes, have been defined broadly" to "include a wide variety of detrimental consequences."  *Ex parte Ali*, 368 S.W.3d 827, 831, 832 (Tex. App.—Austin 2012, pet. ref'd); *see Ex parte Harrington*, 310 S.W.3d 452, 457 (Tex. Crim. App. 2010); *Le v. State*, 300 S.W.3d 324, 326–27 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding); *State v. Collazo*, 264 S.W.3d 121, 126–27 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). Thus, "the completion of an applicant's sentence or probationary term does not deprive the trial court of jurisdiction."  *Ali*, 368 S.W.3d at 831; *see Ex parte Villanueva*, 252 S.W.3d 391, 395–96 (Tex. Crim. App. 2008) (Section 11.072 expressly "permits a person who is serving or who has completed a term of community supervision to file an application for a writ of habeas corpus."); *Ex parte Schmidt*, 109 S.W.3d 480, 481 (Tex. Crim. App. 2003).

writ of habeas corpus in misdemeanor cases not involving community supervision. TEX. CODE CRIM. PROC. ANN. art. 11.09 (West 2005). In one case, Paselk was placed on community supervision; in the other case, she was sentenced to 275 days' confinement in the Hopkins County Jail. *Paselk*, 2010 WL 3034258, at *1; *Paselk*, 2010 WL 3034255, at *1. Accordingly, Paselk's petitions for writs of habeas corpus were filed under Articles 11.072 and 11.09, respectively, of the Texas Code of Criminal Procedure. We affirm the district court's judgment with respect to Paselk's Article 11.072 petition, but find that we are without jurisdiction over Paselk's appeal from the denial of her Article 11.09 petition.

An applicant seeking relief via the writ of habeas corpus bears the burden to prove his claim by a preponderance of the evidence. *Ex parte Morrow*, 952 S.W.2d 530, 534 (Tex. Crim. App. 1997); *In re Davis*, 372 S.W.3d 253, 256 (Tex. App.—Texarkana 2012, orig. proceeding). In reviewing a trial court's ruling on a post-conviction application for the writ, we view the evidence in the light most favorable to the habeas court's ruling, and we uphold that ruling absent an abuse of discretion. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335, 371 (Tex. Crim. App. 2007); *see Ex parte Simpson*, 260 S.W.3d 172, 174 (Tex. App.—Texarkana 2008, pet. ref'd). We afford almost total deference to the habeas court's findings of historical fact, so long as the findings are supported by the record. *Ex parte White*, 160 S.W.3d 46, 50 (Tex. Crim. App. 2004). Similarly, we will defer to the habeas court's application of the law to the facts, but only when resolution of the ultimate question turns on an evaluation of credibility and demeanor. *Ex parte Harrington*, 310 S.W.3d 452, 457 (Tex. Crim. App. 2010); *White*, 160 S.W.3d at 50.

When resolution of the ultimate question turns solely on an application of legal standards, our review is de novo. *Peterson*, 117 S.W.3d at 819.

"An application under Article 11.072 'must be filed with the district clerk of the court in which community supervision was imposed'" and must "attack the 'legal validity' of '(1) the conviction for which or order in which community supervision was imposed'; or '(2) the conditions of community supervision.'" *Villanueva*, 252 S.W.3d at 395 (quoting TEX. CODE CRIM. PROC. ANN. art. 11.072, § 2). Paselk's burden to show that she is entitled to habeas relief includes providing an adequate record demonstrating compliance with Article 11.072. *See* TEX. R. APP. P. 52.7(a) (requiring certified copies of all relevant documents filed in any underlying proceeding and a properly authenticated transcript of any relevant testimony from any underlying proceeding); *In re Turner*, 177 S.W.3d 284, 288 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding). Paselk's Article 11.072 petition for habeas relief was filed with the district court. Here, while Paselk attacked the legal validity of her convictions, nothing beyond a bare assertion in the petition demonstrates that the Article 11.072 petition for writ of habeas corpus was first filed in the County Court at Law of Hopkins County—the court in which community supervision was imposed.[3] Thus, we cannot say that the district court abused its discretion in concluding that the Article 11.072 petition was improperly filed.[4]

---

[3]Paselk's petition stated, "Petitioner filed Petition For Writ of Habeas Corpus with the County Court At Law on July 28, 2011. Judge Amy Smith denied Petition by letter. Petitioner filed a second Petition For Writ of Habeas Corpus with Judge Amy Smith, with new information, on December 12, 2013. Judge Amy Smith denied Petition by letter."

[4]Paselk provided the district court with a "Supplement of Brand New Court of Appeals Case Law" not originally included in her petition for writ of habeas corpus. The supplement and Paselk's brief on appeal rely heavily on a ruling of the Oregon Court of Appeals in a case she cites as "*State of Oregon v. Amanda L. Newton* Multnomah County Circuit Court 110443303, A149495" and appears to complain that the trial court refused to recognize it as authority. We located the case to which Paselk referred and note that the Oregon Supreme Court has agreed to

4

We recognize that in its order denying Paselk's Article 11.072 petition, the trial court wrote, "According to Petitioner . . . , <u>she has already sought habeas relief from the proper court</u>. It was denied." Even assuming that Paselk had filed the Article 11.072 petition with the County Court at Law of Hopkins County, our result would be the same. Article 11.072, Section 9 "restricts the circumstances under which a court can consider the merits of claims raised in a subsequent application." *Villenueva*, 252 S.W.3d at 396. Section 9 states,

> (a) If a subsequent application for a writ of habeas corpus is filed after final disposition of an initial application under this article, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application.
>
> (b) For purposes of Subsection (a), a legal basis of a claim is unavailable on or before a date described by that subsection if the legal basis was not recognized by and could not have been reasonably formulated from a final decision of the United States Supreme Court, a court of appeals of the United States, or a court of appellate jurisdiction of this state on or before that date.
>
> (c) For purposes of Subsection (a), a factual basis of a claim is unavailable on or before a date described by that subsection if the factual basis was not ascertainable through the exercise of reasonable diligence on or before that date.

TEX. CODE CRIM. PROC. ANN. art. 11.072, § 9. Because our record does not contain any petition for writ of habeas corpus filed with the County Court at Law of Hopkins County, we are unable to ascertain whether Paselk's petition with the district court met the requirements of Section 9. Clearly, if Paselk's Article 11.072 petition was identical to the one submitted to the County

---

review that case on appeal from the Court of Appeals. *See Oregon v. Newcomb*, 324 P.3d 557 (Or. App. 2014). Even if the case she cited were the final rule of law as it applies in Oregon, the district court here was correct in stating, in an order denying an "apparent request for reconsideration of" its ruling, that an Oregon case has no precedential value in the determinations applying to this case.

Court at Law of Hopkins County, the district court would be restricted from considering the petition on its merits.

Our treatment with respect to Paselk's Article 11.09 petition is different. Unlike Article 11.072, which mandates that a habeas petition "*must* be filed with . . . the court in which community supervision was imposed," TEX. CODE CRIM. PROC. ANN. art. 11.072, § 2 (emphasis added), Article 11.09 merely states that a person "*may* apply to the county judge of the county in which the misdemeanor is charged to have been committed," TEX. CODE CRIM. PROC. ANN. art. 11.09 (emphasis added). In contrast to Article 11.072, the language of Article 11.09 "is permissive, not mandatory, and is therefore merely advisory in nature." *State ex rel. Rodriguez v. Onion*, 741 S.W.2d 433, 434 (Tex. Crim. App. 1987) (orig. proceeding); *see Ex parte Tarango*, 116 S.W.3d 201, 202 n.3 (Tex. App.—El Paso 2003, no pet.); *In re Maxwell*, 970 S.W.2d 70, 71 n.1 (Tex. App.—Houston [14th Dist.] 1998, orig. proceeding). Under Article 11.05 of the Texas Code of Criminal Procedure, "[t]he Court of Criminal Appeals, the District Courts, the County Courts, or any Judge of said Courts, have power to issue the writ of habeas corpus." TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2005). As a result, Article 11.09 does not deprive district courts of jurisdiction to hear post-conviction habeas corpus petitions in misdemeanor cases.[5] *Onion*, 741 S.W.2d at 434. Thus, both county and district courts have original jurisdiction in habeas corpus proceedings when attacks are made upon the validity of

---

[5]The district court's order states that Paselk could have appealed the county court's denial of her Article 11.09 petition, assuming that such a petition had been filed there. When the court in which an Article 11.09 application was filed denies the writ, the applicant can also present his application to another court having jurisdiction. *See Mayes v. State*, 538 S.W.2d 637, 639 (Tex. Crim. App. 1976); *Cree v. State*, 814 S.W.2d 74, 76 (Tex. App.—Corpus Christi 1991), *pet. ref'd*, 817 S.W.2d 344 (Tex. Crim. App. 1991).

misdemeanor convictions not involving community supervision. *Id.*; *Tarango*, 116 S.W.3d at 202 n.3; *Maxwell*, 970 S.W.2d at 71 n.1.[6]

However, "[a] trial court's ruling [in a habeas corpus proceeding] is appealable only when the trial court issues the writ and then rules on the merits of the questions presented at the hearing and denies the relief sought." *In re Shaw*, 175 S.W.3d 901, 904 (Tex. App.—Texarkana 2005, orig. proceeding). But, "when a trial judge refuses to issue a writ or denies an applicant a hearing on the merits of his or her claims, there is no right to appeal." *Villanueva*, 252 S.W.3d at 394.

Paselk argues that the district court erred in failing to consider the merits of her numerous claims and in denying habeas relief "without any hearing or consideration of the pertinent facts."[7] Here, the district court (1) did not grant Paselk's petition for writ of habeas corpus, (2) did not hold a hearing or purport to rule on the merits of Paselk's claims, (3) did not rule on the merits of Paselk's claims, except to determine that the county court had jurisdiction over Paselk's convictions, and (4) denied habeas relief. Thus, here, "[t]here is no appeal from a refusal to issue the writ of habeas corpus" under Article 11.09. *Ex parte McCullough*, 966 S.W.2d 529, 531 (Tex. Crim. App. 1998) (per curiam); *see Ex parte Hargett*, 819 S.W.2d 866,

---

[6]*See also Ex parte Davis*, No. 12-09-00172-CR, 2010 WL 827322, at *1 (Tex. App.—Tyler Mar. 10, 2010, pet. ref'd) (mem. op., not designated for publication). Although this unpublished case has no precedential value, we may take guidance from it "as an aid in developing reasoning that may be employed." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

[7]Although Paselk raised several complaints in her habeas petition, the trial court only addressed the issue of the county court's jurisdiction over Paselk's convictions. "[C]ounty courts shall have original jurisdiction of all misdemeanors of which exclusive original jurisdiction is not given to the justice court, and when the fine to be imposed shall exceed five hundred dollars." TEX. CODE CRIM. PROC. ANN. art. 4.07 (West 2005). Under Section 42.09 of the Texas Penal Code, Paselk was charged with a class A misdemeanor. *See* TEX. PENAL CODE ANN. § 42.09(c). Class A misdemeanors are punishable by a fine not to exceed $4,000.00, confinement in jail for a term not to exceed one year, or both such fine and confinement. TEX. PENAL CODE ANN. § 12.21 (West 2011). Thus, the district court correctly ruled that the County Court at Law of Hopkins County had jurisdiction over the State's indictments against Paselk.

868–69 (Tex. Crim. App. 1991), *superseded in part by statute as discussed in Villanueva*, 252 S.W.3d at 397 (because writ issues automatically in Article 11.072 cases, *Hargett* rule does not apply); *Shaw*, 175 S.W.3d at 903–04 (citing *Ex parte Martell*, 901 S.W.2d 754, 755 (Tex. App.—San Antonio 1995, no pet.) (per curiam); *Cree*, 814 S.W.2d at 76.[8]

We affirm the trial court's ruling with respect to her Article 11.072 petition for writ of habeas corpus, but dismiss the portion of Paselk's appeal related to her Article 11.09 petition for writ of habeas corpus for want of jurisdiction.



Bailey C. Moseley
Justice


Date Submitted:     August 21, 2014
Date Decided:       October 1, 2014

Do Not Publish

---

[8] "In a case where a judge refuses to issue the requested writ of habeas corpus or denies an applicant the requested hearing on the merits of his claim, an applicant's remedies are limited." *Hargett*, 819 S.W.2d at 868; *see Villanueva*, 252 S.W.3d at 394. "Some remedies available to an applicant in that situation are to present the application to another district judge having jurisdiction, or under proper circumstances, to pursue a writ of mandamus." *Hargett*, 819 S.W.2d at 868 (citations omitted); *see Villanueva*, 252 S.W.3d at 394.