**DENY; and Opinion Filed February 9, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00130-CV

### IN RE JOSEPH WAYNE HUNTER, Relator

**Original Proceeding from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F13-56295-R**

## MEMORANDUM OPINION
Before Justices Francis, Evans, and Whitehill
Opinion by Justice Whitehill

Before the Court is relator's February 6, 2017 petition for writ of mandamus. A jury convicted relator of aggravated assault committed with a deadly weapon and causing serious bodily injury, enhanced by family violence, and assessed punishment at twenty-five years in prison. We affirmed the convictions, and the Court of Criminal Appeals denied relator's petition for discretionary review. *Hunter v. State*, No. 05-14-01146-CR, 2016 WL 1085556, at \*1 (Tex. App.—Dallas Mar. 21, 2016, pet. ref'd). Our mandate issued on July 5, 2016. In this original proceeding, relator asks the Court to order the trial court to hold a hearing on relator's motion to set bail and order the trial court to set bail in an appropriate amount.

Relator's petition for writ of mandamus does not comply with the rules of appellate procedure. It does not include the certification required by rule 52.3(j) and does not include an appendix or record. *See* TEX. R. APP. P. 52.3(j), 52.3(k), 52.7(a). These deficiencies alone are

sufficient to deny the petition. *See In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding). In the interest of judicial economy, however, we address the petition.

To be entitled to mandamus relief in a criminal matter, a relator must demonstrate that the act sought to be compelled is purely ministerial as opposed to discretionary and that he or she has no other adequate remedy at law to redress the harm. *Stotts v. Wisser*, 894 S.W.2d 366, 367 (Tex. Crim. App. 1995); *State ex rel. Holmes v. Court of Appeals*, 885 S.W.2d 389, 392 (Tex. Crim. App. 1994). An act is "ministerial" if it constitutes a duty clearly fixed and required by law. *State ex rel Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987). "Moreover, a 'ministerial' act is one which is accomplished without the exercise of discretion or judgment." *Id.* Thus, mandamus will issue where there is but one proper order or where a judge acts beyond his or her statutory authority. *State ex rel Holmes*, 885 S.W.2d at 392.

Relator has exhausted his appellate remedies and his conviction is final. A district court does not have a mandatory duty to set bail under these circumstances. *See Ex parte Lowe*, 573 S.W.2d 245, 247 (1978) (holding that "prisoners after conviction are not guaranteed the right to bail pending appeal"); *see also In re Maxwell*, 970 S.W.2d 70, 71–72, 73–74 (Tex. App.—Houston [14th Dist.] 1998, orig. proceeding) (citing *Ex parte Gallogly*, 138 Tex. Crim. 115, 134 S.W.2d 666, 667–68 (1939)). Accordingly, we deny relator's petition for writ of mandamus.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

170130F.P05

–2–