**Opinion issued September 25, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00753-CR

———————————

**CHRISTI MAUREEN HOAGLAND, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court at Law No. 3**
**Harris County, Texas**
**Trial Court Case No. 1798263**

## MEMORANDUM OPINION

A jury convicted Christi Maureen Hoagland of driving while intoxicated. *See* TEX. PENAL CODE ANN. § 49.04 (West Supp. 2014). The trial court placed Hoagland on community supervision for one year. She appealed, contending that it was error for her medical records and the testimony of an emergency room nurse to

be admitted at trial. We hold that the testimony and medical records were properly admitted, and we therefore affirm.

## Background

On October 23, 2011, off-duty Houston Police Department Officer M. Urban was involved in a car accident with the appellant, Christi Hoagland. Hoagland was taken to St. Joseph's Hospital, where emergency room nurse Stacy Gutierrez drew a blood sample. Before drawing the blood, Gutierrez verified Hoagland's identity verbally and with her hospital armband. Gutierrez stayed in the room at all times surrounding the blood draw. She placed the blood into a specimen container, labeled the specimen to indicate Hoagland's full name, date of birth, and account number, and initialed the labels. Next, Gutierrez placed the sample into pneumatic tubes that transported it directly to a laboratory. She testified that all the steps taken were in compliance with hospital procedures.

A lab technician, Dana Overhold, confirmed that the hospital's procedure entailed labeling the specimens before they arrive at the lab. She also testified that the lab instruments were working properly on the day Hoagland's blood was tested. There was no evidence that the blood sample had been altered or subject to tampering.

Houston Police Officer D. Nguyen testified that he accompanied Hoagland to the hospital emergency room. When Hoagland was taken to another room,

Nguyen remained outside that room at all times surrounding the blood draw. Nguyen testified that no one aside from Hoagland, the nurse, a doctor, and hospital staff entered the hospital room. Gutierrez testified that there was only one patient in the room at the time of the blood draw, however she was unable to identify Hoagland at trial.

## Analysis

Hoagland contends that after Gutierrez admitted she was unable to identify her at trial, the trial court erred by admitting further testimony by the nurse and by allowing her to sponsor the offer of medical records. Because Gutierrez could not identify her, Hoagland contends that the necessary chain of custody of the drawn blood was not established. We disagree.

We review a trial court's ruling on the admission of evidence for an abuse of discretion. *Layton v. State*, 280 S.W.3d 235, 240 (Tex. Crim. App. 2009); *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). As with other types of evidentiary rulings, we uphold the trial court's decision unless it lies outside the zone of reasonable disagreement. *Layton*, 280 S.W.3d at 240 (citing *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990)). The test for abuse of discretion is whether the ruling was arbitrary or unreasonable. *Montgomery*, 810 S.W.2d at 380.

Generally, all relevant testimony is admissible. *See* TEX. R. EVID. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." TEX. R. EVID. 401. When determining if proffered evidence is relevant, the court must consider whether there is a logical connection between the evidence and the proposition sought to be proved. *Layton*, 280 S.W.3d at 240. Here, Gutierrez's testimony was relevant to establishing the chain of custody of the blood sample. The blood sample is evidence that Hoagland was driving while intoxicated. Therefore, the Gutierrez's testimony was properly admitted because there is a "logical connection between the evidence and the proposition sought to be proved." *See Layton*, 280 S.W.3d at 240.

The Rules of Evidence provide that the "requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." TEX. R. EVID. 901(a). A trial court properly admits evidence when a reasonable juror could find that the evidence was authenticated. *Pondexter v. State*, 942 S.W.2d 577, 586 (Tex. Crim. App. 1996).

The results of a blood test are authenticated if a proper chain of custody is established. *Durrett v. State*, 36 S.W.3d 205, 208 (Tex. App.—Houston [14th Dist.] 2001, no pet.). Absent any showing of tampering or alteration, proof of the

4

beginning and the end of the chain of custody will support admission of the evidence. *Id*. Any gaps in the chain of custody go to the weight of the evidence, not to its admissibility. *McGregor v. State*, 394 S.W.3d 90, 125 (Tex.App.—Houston [1st Dist.] 2012, pet. ref'd). This court has previously held that when the hospital followed its standard procedures, the testimony of a person who attended to the patient and the laboratory technician who tested the sample adequately establishes the beginning and the end of the chain of custody, even if the identity of specific person who drew the blood is unknown. *See Beck v. State*, 651 S.W.2d 827, 829 (Tex. App.—Houston [1st Dist.] 1983, no pet.).

The State adequately established the chain of custody of the blood sample in this case. Despite being unable to identify Hoagland in the courtroom, the evidence established that Gutierrez took her blood sample at the hospital. Further, Gutierrez explained in detail the hospital's procedures to ensure accurate identification of the source of a blood sample. She testified that as soon as a patient is put into a room at the hospital, the registration staff verifies the patient's name and date of birth and gives the patient an armband. Gutierrez verified Hoagland's identity verbally and with her armband. She then drew Hoagland's blood, labeled it, and sent it directly to the laboratory by pneumatic tubes. Overhold testified that she tested the labeled blood sample once it arrived in the laboratory. Both Gutierrez and Overhold testified that they followed standard hospital procedures.

Hoagland argues that the chain of custody was not established because the nurse could not identify her in the courtroom. But Gutierrez's failure to identify Hoagland at trial goes to the weight of the evidence, not its admissibility. *Durrett*, 36 S.W.3d at 210–11. Because Gutierrez testified that standard hospital procedures were followed, her failure to identify Hoagland does not render the evidence inadmissible. *See id.* at 210–11; *Beck*, 651 S.W.2d 827 at 829. The testimony of the nurse, the lab technician, and the officer adequately linked the blood sample to Hoagland and established the chain of custody. The trial court did not abuse its discretion by admitting the challenged evidence.

## Conclusion

We affirm the judgment of the trial court.

Michael Massengale
Justice

Panel consists of Justices Massengale, Brown, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).