NO. **1465-14**

ORIGINAL

## IN THE TEXAS COURT OF CRIMINAL APPEALS

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 07 2015

Abel Acosta, Clerk

CAROL PASELK,

Petitioner

FILED IN
COURT OF CRIMINAL APPEALS

JAN 30 2015

Abel Acosta, Clerk

v.

STATE OF TEXAS

Respondent

# Petition For Discretionary Review

Petition in Cause No. CV14-08223
From the 8th Judicial District Court of Hopkins County, Texas and
The Court of Appeals for the 6th District of Texas

Oral Argument Requested

Carol Paselk
Pro Se Appellant
P.O. Box 1284
Emory, Texas 75440
(940) 435-3210

NO. _____

IN THE TEXAS COURT OF CRIMINAL APPEALS

CAROL PASELK,

Petitioner

v.

STATE OF TEXAS

Respondent

# Petition For Discretionary Review

Petition in Cause No.  CV14-08223
From the 8th Judicial District Court of Hopkins County, Texas and
The Court of Appeals for the 6th District of Texas

Oral Argument Requested

Carol Paselk
Pro Se Appellant
P.O. Box 1284
Emory, Texas 75440
(940) 435-3210

# Table of Contents

Table of Contents ................................................................................... 2

Index of Authorities ............................................................................... 3

Immediate Release Requested From Null And Void Judgments ........................... 10

Statement Regarding Oral Argument ........................................................... 11

Statement of the Case .............................................................................. 11

Statement of Procedural History ................................................................ 12

Reasons For Review ............................................................................... 12

      I.   The Appellate Court erred in not considering that the Texas Legislature has excluded Hopkins County Court At Law from presiding over allegations of cruelty to a livestock animal. Tex. R.App.P. 66.3(b), making the judgments of conviction null and void.

      II. The Court of Appeals failed to consider important questions of state law that have not been, but should be, settle by this Court. Tex.R.App. P. 66.3(b)

      III. The Court of Appeal failed to consider important questions of state and federal law in conflict with applicable decisions of the Supreme Court of the United States. Tex.R.App. P. 66.3(c)

      IV. The Appellate Court erred in not considering the fact that inadmissible evidence was admitted by the trial court.

Conclusion ......................................................................................... 26

Prayer For Relief ................................................................................. 27

Certificate of Compliance ...................................................................... 28

Certificate of Service ........................................................................... 28
APPENDIX:

      APPENDIX A: Memorandum Opinion of the 6th District Cour of Appeals

# INDEX OF AUTHORITIES

## CASE LAW:

### Texas Cases:

*Arrington v. Arrington*, 613 SW 2d 565 - Tex: Court of Civil Appeals, 2nd Dist. 1981

*Bass v. State,* 427 S.W.2d 624, 626 (Tex.Cr.App.1968)

*Beck v. State*, 651 S.W.2d 827, 829 (Tex.App.-Houston [1st Dist.] 1983, no pet.)

*Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Cr.App. 1991)

*Bragg v. State,* 109 Tex.Cr.R. 632, 6 S.W.2d 365 (1928)

*Brown v. Borg*, 951 F.2d 1011 (9th Cir. 1991)

*Burns,* 441 S.W.2d 532

*Camacho v. Samaniego,* 831 S.W.2d 804, 811 (Tex.1992).

*Clayton v. Clayton,* 308 S.W.2d 557, 564 (Tex.Civ.App. Texarkana 1957, no writ)

*Cleveland v. Ward,* 116 Tex. 1, 285 S.W. 1063 (1926)

*Davis v. State*, 831 S.W.2d 426 (Tex. App. - Austin 1992, no pet.)

*Davis v. State,* 956 S.W.2d 555, 559 (Tex.Crim.App.1997)

*Durrett v. State*, 36 SW 3d 205 - Tex: Court of Appeals 2001

*Earley v. State,* 855 S.W.2d 260, 262-63 (Tex. App.-Corpus Christi 1993, pet. dism'd)

*Estrada v. State*, 313 S.W.3d 274 (Tex. Crim. App. 2010)

*Ex parte Adams,* 768 S.W.2d 281, 293 (Tex. Crim. App. 1989)

*Ex parte Armstrong,* 110 Tex.Cr.R. 362, 8 S.W.2d 674, 675, 676 (1928)

*Ex parte Axel,* 757 S.W.2d369, 374 (Tex. Crim. App. 1988)

*Ex Parte Bank's,* 769 S.W.2d 539, 540 (Tex.Cr.App.1989)

*Ex parte Beck,* 922 S.W.2d 181 (Tex.Crim. App.1996)

*Ex parte Caldwell,* 383 S.W.2d 587, 589 (Tex.Cr.App.1964)

*Ex parte Castellano,* 863 S.W.2d 476 (Tex. Crim. App. 1993)

*Ex parte Chabot*, 300 S.W.3d 768 (Tex. Crim. App. 2009)

*Ex parte Drake,* 883 S.W.2d 213, 215 (Tex.Crim.App.1994)

*Ex Parte Goodman,* 816 S.W.2d 383, 385 (Tex.Cr. App.1991)

*Ex Parte Kirby,* 626 S.W.2d 533, 534 (Tex.Cr.App. 1981)

*Ex parte Lewis,* 587 S.W.2d697, 701 (Tex. Crim. App. 1979)

*Ex parte McIver,* 586 S.W.2d 851 (Tex.Crim.App.1979)

*Ex parte Paprskar,* 573 S.W.2d 525 (Tex.Cr.App.1978)

*Ex parte Rich,* 194 S.W.3d 508, 512 (Tex. Crim. App. 2006)

*Ex parte Sanders,* 588 S.W.2d 383, 385(Tex. Crim. App. 1979)

*Ex parte Sandoval*

*Ex parte Santana,*227 S.W.3d 700 (Tex. Crim. App. 2007)

*Ex parte Seidel,* 39 S.W.3d 221, 224, 225 at n. 4 (Tex.Crim.App.2001)

*Ex parteTorres,* 943 S.W.2d 469 (Tex. Crim. App. 1997).

*Ex parte Vasquez,* 122 Tex.Cr.R. 475, 56 S.W.2d 190 (1933)

*Ex parte Wilson,* 956 S.W.2d 25 (Tex. Crim. App. 1997)

*Flores v. State,* 940 S.W.2d 189, 191 (Tex. App. - San Antonio, 1996,no pet.)

*Garcia v. Dial,* 596 S.W.2d 524 (Tex.Cr.App.1980)

*Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex. 1965)

*Girard v. State,* 631 S.W.2d 162 (Tex. Crim.App.1982)

*Glenn v. Dallas County Bois D'Arc Island Levee Dist.,* 282 S.W. 339 (Tex.Civ.App.1926)

*Gracia v. State,* Tex: Court of Appeals, 14th Dist. 2012

*Granger v. Folk,* 931 SW 2d 390, Tex: Court of Appeals, 9th Dist. (1996)

*Gutierrez v. State,* 85 S.W.2d 446 (Tex. App. - Austin 2002)

*Heath v. State,* 817 S.W.2d at 336 (Tex.Crim.App.1991)

*Higginbotham,* 382 S.W.2d 927

*Jenkins,* 433 S.W.2d 701

*Lindley v. State,* 635 S.W.2d541, 544 (Tex. Crim. App. 1982)

*Marin v. State,* 851 S.W.2d 275, 280 (Tex.Crim.App.1993)

*Missouri-Kansas-Texas R. Co. v. Roegelein Pro. Co.,* 260 SW 2d 605 - Tex: Court of Civil Appeals, 4th Dist. 1953

*Moore v. State,* 821 S.W.2d 429, 431 (Tex.App.—Waco 1991, no pet);

*Morrow v. Corbin*, 122 Tex. 553, 62 S.W.2d 641 (1933);

*Polk v. State*, 738 S.W.2d 274, 276 (Tex.Cr. App.1987)

*Nix v. State*, 65 S.W.3d 664, 673, (Tex.Crim.App.2001)

*Parr v. State*, 108 Tex.Cr.R. 551, 1 S.W.2d 892 *(1928)*

*Rawlins*, 158 Tex.Crim. 346, 255 S.W.2d 877

*Sellers v. Estelle*, 651 F.2d 1074 (5th Cir. 1981)

*Solon v. State*, 5 Tex.App. 301 (1878)

*State v. Roberts*, 940 SW 2d 655 - Tex: Court of Criminal Appeals 1996

*Steddum v. Kirby Lumber Co* ., 110 T. 513, 221 S.W. 920 (1920)

*Stine v. State*, 908 SW 2d 429 - Tex: Court of Criminal Appeals 1995

*Stone v. State*, 794 S.W.2d 868, 870 (Tex.App.—El Paso 1990, no pet.).

*Stoker v. State,* 788 S.W.2d 1, 10 (Tex.Crim.App.1989)

*Strother,* 395 S.W.2d 629

*Walker v Packer* , 827 S.W.2d 833, 840 (Tex. 1992).

*Williams v. State*, 995 S.W.2d 754, 762 (Tex. App. - San Antonio1999, no pet.)

*Woodard v. State,* 86 Tex.Cr.R. 632, 218 S.W. 760 (1920)


**United States:**


*Agnello v. United States*, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145, 51 A.L.R. 409 (1925)

*Alcorta v. Texas*, 355 U.S. 28, 78 S.Ct. 103, 2 L.Ed.2d 9 (1957)

*Andresen v. Maryland*, 427 U.S. 463, 480, 96 S.Ct. 2737, 2748, 49 L.Ed.2d 627 (1976).

*Boyd* v. *United States,* 116 U. S. 616, 635 (1886)

*Carey v. Duckworth*, 738 F.2d 875 (7th Cir. 1984)

*Carey* v. *Piphus,* 435 U. S. 247, 259 (1978)

*Cradle v. United States*, 178 F. 2d 962 - Court of Appeals, Dist. of Columbia Circuit 1949

*Chimel v. California*, 395 U.S., at 761-762

*Coolidge v. New Hampshire*, 403 U.S. 443, S.Ct. (1971)

*Conklin v. Schofield*, 36 F.3d 1191 (11th Cir. 2004), cert. denied, 544 U.S. 952, 125 S. Ct. 1703, 161 L.

Ed 2d 531 (2005)

*Derden v. McNeel*, 938 F.2d 605, 617 (5th Cir. 1991)

*Donnelly* v. *DeChristoforo*, 416 U. S. 637

*Entaminger v. State of Iowa*, 386 U.S. 748, 87 S. Ct. 1402, 18 L. Ed. 501 (1967)

*Evitts v. Lucey*, 469 U.S. 387, 402-03 (1985)

*Fay* v. *Noia*, 372 U. S. 391 (1963)

*Giglio v. United States*, 405 U.S. 150, 153, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972)

*Giles v. Maryland*, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967)

*In re Murchison, 349 U.S.*

*Katz v. United States*, 389 U. S. 347

*Kimmelman v. Morrison, 477 U.S. 365, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986)*

*Kinnard v. U.S.*, 313 F.3d 933, 2002 FED App. 0427P (6th Cir. 2002)

*Klugh v. U.S.*, 620 F.Supp. 892 (D.S.C. 1985)

*Kyles v. Whitley*, 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995)

*Linkletter v. Walker*, 381 US 618 - Supreme Court 1965,

*Lo-Ji Sales, Inc.,* v. *New York,* 442 U. S. 319

*Marron v. United States*, 275 U. S. 192, 195-196

*Marshall* v. *Barlow's, Inc.,* 436 U. S. 307, 311

*Mapp v. Ohio,* 367 U. S. 643

*Mayberry v. Pennsylvania,* 400 U.S. 455, 465, 91 S.Ct. 499, 505, 27 L.Ed.2d 532 (1971)

*McDonald v. United States*, 335 U. S. 451, 69 S.Ct. 191 (1948)

*Mickens v. Taylor*, 535 U.S. 162, 122 S. Ct. 1237, 152 L. Ed. 2D 291 (2002)

*Miller v. Pate*, 386 U.S. 1, 87 S.Ct. 785, 17 L.Ed.2d 690 (1967)

*Moore* v. *Illinois,* 408 U. S. 786, 810 (1972) (opinion of MARSHALL, J.)

*Napue v. Illinois*, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959)

*Parratt,* 451 U. S., at 537

*Polk County v. Dodson, 454 U.S. 312 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981)*

*Pyle v. Kansas*, 317 U.S. 213, 216, 63 S.Ct. 177, 87 L.Ed. 214 (1942)

*Rompilla v. Beard*, 545 U.S. 374, 125 S. Ct. 2456, 162 L. Ed 2d 360 (2005)

*Segurola v. United States*, 275 U.S. 106, 48 S.Ct. 77, 72 L.Ed. 186 (1927)

*Stanford v. Texas*, 379 U. S. 476

*Steele v. United States*, 267 U. S. 498, 503 (1925)

*Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)

*United States* v. *Agurs,* 427 U. S. 97 (1976).

*United States v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985)

*United States* v. *Chadwick,* 433 U. S. 1, 7-8

*United States v. Foster*, 874 F.2d 491 (8th Cir. 1988)

*United States v. Higgins*, 428 F. 2d 232 (CA7 1970)

*United States v. Rude*, 88 F.3d 1538, 1551 (9th Cir.1996)

*United States v. San Filippo*, 564 F.2d 176, 178 (5th Cir. 1977)

*United States v. Votteller*, 544 F. 2d 1355, 1362-1363 (CA6 1976)

*U.S. v. Cronic*, 466 U.S. 64, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984).

*Valley v. Northern Fire & Marine Ins. Co.*, 254 U.S. 348, 41 S.Ct. 116 (1920)

*Warden v. Hayden*, 387 U. S. 294

*Weeks v. United States*, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652, L.R.A.1915B, 834, Ann.Cas.1915C, 1177 (1914)

*Wiggins V. Smith*, 539 U.S. 510, 123 S. Ct. 2527, 156 L. Ed. 2d 471 (2003)

*Wolf v. Colorado*, 338 U. S. 25, 27 (1949).

*Yarborough v. Gentry*, 540 U.S. 1, 124 S. Ct. 1, 157 L. Ed. 2d 1 (2003)

*Ybarra v. Illinois*, 444 US 85 - Supreme Court 1979


**Michigan:**

*Fritts v. Krugh,* 92 N.W.2d 604, 354 S.Ct. of Mich. 97. (1958).

**Constitution:**

United States Constitution: Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments

Article 1, Section 9 of the Texas Constitution

Article 1, Section 10 of the Texas Constitution

Article 1, Section 12 of the Texas Constitution

Article 1, Section 14 of the Texas Constitution

Article 1, Section 19 of the Texas Constitution

Article 5, Section 19 of the Texas Constitution


**Statutes and Rules:**


Texas Administrative Code, Rule 49.01(c)

Texas Administrative Code, Rule 49.05(a)

Texas Code of Criminal Procedure § 11.05, § 11.072, § 11.09

Texas Code of Criminal Procedure § 18.01 et seq.,

Texas Code of Criminal Procedure § 18.01(c)

Texas Code of Criminal Procedure § 18.04(2)

Texas Code of Criminal Procedure § 18.10, § 18.11

Texas Code of Criminal Procedure § 38.23

Texas Government Code § 24.108

Texas Government Code § 24,164

Texas Government Code § 25.0003

Texas Government Code § 25.1142

Texas Health & Safety Code § 821.0211

Texas Health & Safety Code § 821.022

Texas Health & Safety Code § 821.022(a)

Texas Health & Safety Code § 821.023

Texas Health & Safety Code § 821.023(a)

Texas Health & Safety Code § 821.023(b)

Texas Health & Safety Code § 821.023(g)

Texas Penal Code § 3.01

Texas Penal Code § 3.03

Texas Penal Code § 3.03(b)

Texas Penal Code § 42.09

Texas Penal Code § 42.09(a)(2)

Texas Penal Code § 42.09(a)(6)

Texas Penal Code § 42.11

Fed. Rules Civ. Proc., Rule 60(b)(4),

"Habeas corpus is reserved for those instances in which there is a jurisdictional defect in the trial court which renders the judgment void or for denials of fundamental or constitutional rights)." *Ex parte Drake, 883 S.W.2d 213, 215 (Tex.Crim.App.1994)*

**"The writ of habeas corpus, for example, is available to set aside a criminal conviction on the basis of any jurisdictional defect in the proceedings which led to it, no matter how remote in time." *Stine v. State*, 908 SW 2d 429 - Tex: Court of Criminal Appeals 1995.**

"This Court has long held that habeas corpus is an appropriate remedy to attack a void judgment or sentence." *See Ex parte Seidel, 39 S.W.3d 221, 224, 225 at n. 4 (Tex.Crim.App.2001); Ex parte Beck, 922 S.W.2d 181 (Tex.Crim. App.1996);*

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner requests oral argument. Argument would assist the Court because resolution of the grounds for review depends upon a detailed exploration of the facts of the cases. Further, oral argument would provide this Court with an opportunity to question parties regarding their positions.

## STATEMENT OF THE CASE:

The Hopkins County Court At Law issued judgments of conviction against Petitioner, although according to Texas Health & Safety Code § 821.0211, this particular court is lawfully excluded by the Legislature from presiding over allegations of cruelty to a livestock animal. As a result of the Legislature's exclusion of this particular court to preside over allegations of cruelty to a livestock animal, the Judgments of conviction are already null and void. The 6th District Court of Appeals did NOT consider or comment on the fact that the Hopkins County Court At Law is excluded by the Legislature from presiding over allegations of cruelty to a livestock animal.

Beyond the fact that the Hopkins County Court At Law is excluded from presiding over allegations of cruelty to a livestock animal by the Legislature, this court allowed inadmissible evidence and hearsay to be used to obtain conviction against Petitioner Paselk.

## STATEMENT OF PROCEDURAL HISTORY

The judgment of Petitioner's conviction was entered on October 29, 2009. Petitioner's Notice of Appeal was timely filed. On_____ the 6th District Court of Appeals issued an unpublished-opinion by Justice _+_____, affirming Petitioner's conviction. Motion for rehearing was filed and denied on _____.

## REASONS FOR REVIEW

The 6th Court of Appeals failed to consider that the misdemeanor convictions against this Petitioner are already null and void because Hopkins County Court At Law is excluded by the Legislature from presiding over allegations of cruelty to a livestock animal. The 6th Court of appeals did not discharge its sworn duty to defend and uphold the rights of this Petitioner protected and guaranteed by the U.S. Constitution, and the Texas Constitution.

1. The Appellate Court erred in not considering that the Texas Legislature has lawfully excluded Hopkins County Court At Law from presiding over allegations of cruelty to a livestock animal. Tex. R.App.P. 66.3(b)

2. The Court of Appeals failed to consider important questions of state law that have not been, but should be, settled by this Court. Tex.R.App. P. 66.3(b)

3. The Court of Appeals failed to consider important questions of state and federal law in conflict with applicable decisions of the Supreme Court of the United States. Tex.R.App. P. 66.3(c)

4. The Appellate Court erred in not considering the fact that because of ineffective assistance of council, exculpatory evidence was not presented to the jury and court, and inadmissible evidence was admitted by the court.

**I. The Appellate Court erred in not considering that the Texas Legislature has excluded Hopkins County Court At Law from presiding over allegations of cruelty to a livestock animal. Tex. R.App.P. 66.3(b), making the judgments of conviction null and void.**

The Court of Appeals failed to consider that the judgments of conviction against Petitioner Paselk are already null and void because the Judge of the Hopkins County Court At Law is excluded by the Legislature from presiding over allegations of cruelty to a livestock animal. This case confirms the Texas Supreme Court's statement: "This Court has previously voiced its concerns over the difficulties created for the bench, the bar, and the public by the patchwork organization of Texas' several trial courts. As Thomas Paine observed: "[T]he more simple anything is, the less liable it is to be disordered, and the easier repaired when disordered." Paine, Common Sense 3 (1776). This case is yet another confirmation that "confusion and inefficiency are endemic to a judicial structure with different courts of distinct but overlapping jurisdiction." _Camacho v. Samaniego, 831 S.W.2d 804, 811 (Tex.1992)._

The Hopkins County Court At Law is a statutory county court, which has concurrent jurisdiction with the district courts by special provision of the Legislature.

The Court of Appeals failed to consider that the judgments of conviction against Petitioner Paselk are already null and void because the Judge of the Hopkins County Court At Law is excluded by the Legislature from presiding over allegations of cruelty to a livestock animal. Texas Government Code § 25.1142 gives the Hopkins County

Court At Law the same jurisdiction and authority as the District Court. The Judge of the Hopkins County Court At Law gives preference to family law matters, by agreement with the Judges of the 8th Judicial District Court[1] and the 62nd District Court[2]. Texas Health & Safety Code § 821.0211 excludes judges "*who give preference to family law matters*", which is clearly a protection and safeguard for livestock owners, codified by the Legislature. Texas Health & Safety Code, Chapter 821, Subchapter B, Section 821.0211 ADDITIONAL DEFINITION,[3] clearly excludes "*district court judges who give preference to family law matters*" from presiding over matters of cruelty to livestock animals. There is no ambiguity in the language codified by the Legislature. "If a statute is clear and unambiguous, we give effect to its plain meaning." *Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Cr.App. 1991).

In *Granger v. Folk*, 931 SW 2d 390, Tex: Court of Appeals, 9th Dist. (1996), the Texas Court of Appeals shows the union of Texas Health & Safety Code § 821 and Texas Penal Code § 42.09, stating: "Clearly, two avenues exist for the State in protecting animals from cruel treatment, i.e., criminal prosecution under Section 42.11 of the Penal Code and the civil remedy provided under Section 821.023 of the Health and Safety

1 TEXAS GOVERNMENT CODE § 24.108. 8TH JUDICIAL DISTRICT (DELTA, FRANKLIN, HOPKINS, AND RAINS COUNTIES). (a) The 8th Judicial District is composed of Delta, Franklin, Hopkins, and Rains counties.

2 TEXAS GOVERNMENT CODE § 24.164. 62ND JUDICIAL DISTRICT (DELTA, FRANKLIN, HOPKINS, AND LAMAR COUNTIES). (a) The 62nd Judicial District is composed of Delta, Franklin, Hopkins, and Lamar counties.

3 Texas Government Code § 821.0211. ADDITIONAL DEFINITION. In this subchapter, "magistrate" means any officer as defined in Article 2.09, Code of Criminal Procedure, except that the term does not include justices of the supreme court, judges of the court of criminal appeals, or courts of appeals, judges or associate judges of statutory probate courts, or judges or associate judges of district courts that give preference to family law matters or family district courts under Subchapter D, Chapter 24, Government Code.

Code. A close reading of paragraphs (a) and (b) of Section 821.023 may provide some slight illumination. Paragraph (a) presumes a criminal proceeding prior to the civil proceeding while paragraph (b) presumes the reverse. Obviously, in the criminal proceeding, a defendant may face loss of freedom or fine or both, whereas, a proceeding under Section 821.023 may subject the defendant to a loss, forfeiture and confiscation of property rights and interests. In either case, the defendant is entitled by right to all those guarantees affording full due process." [*Petitioner contends that 42.11[4] refers to "destruction of the flag", and is a typographical error which is actually meant as 42.09.*]

The Judge of the Hopkins County Court At Law had the duty and responsibility to transfer the case against this Petitioner to one of the two District Courts or even to the County Court, all of which do NOT "give preference to family law matters", and thereby have constitutional and statutory jurisdiction to preside over allegations of cruelty to a livestock animal. "Trial court jurisdiction over a case is an absolute systemic requirement." <u>Marin v. State, 851 S.W.2d 275, 280 (Tex.Crim.App.1993)</u>. "Unless the power or authority of a court to perform a contemplated act can be found in the Constitution or laws enacted thereunder, it is without jurisdiction and its acts without validity." <u>Ex parte Armstrong, 110 Tex.Cr.R. 362, 8 S.W.2d 674, 675, 676 (1928)</u>, See also <u>Solon v. State, 5 Tex.App. 301 (1878)</u>.

---

4    Texas Penal Code, Sec. 42.11. DESTRUCTION OF FLAG. (a) A person commits an offense if the person intentionally or knowingly damages, defaces, mutilates, or burns the flag of the United States or the State of Texas.

The Court of Appeals failed to consider that the judge of the Hopkins County Court At Law is excluded by the Legislature from presiding over allegations of cruelty to a livestock animal. A threshold issue in any case is whether the court has the jurisdiction to resolve the pending controversy. In *Ex parte Armstrong*, 110 Tex.Crim. 362, 8 S.W.2d 674 (App.1928), the Court upheld, "... This issue of jurisdiction is fundamental and cannot be ignored. Accordingly, a court may *sua sponte* address the issue because subject matter jurisdiction cannot be conferred by agreement of the parties; jurisdiction must be vested in a court by constitution or statute. *Garcia v. Dial*, 596 S.W.2d 524, 527 (Tex.Cr.App.1980); *and*, *Ex parte Caldwell*, 383 S.W.2d 587, 589 (Tex.Cr.App.1964). In short, each court has jurisdiction to determine whether it has jurisdiction. *Ex parte Paprskar*, 573 S.W.2d 525 (Tex.Cr.App.1978).

The Court of Appeals failed to consider that the Judge of the Hopkins County Court At Law clearly abused her discretion by presiding over the trial against this Petitioner for allegations of cruelty to a livestock animal, for which she had no subject matter jurisdiction. "An abuse of discretion occurs if the trial court clearly failed to analyze or apply the law correctly." *Walker v Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

The Court of Appeals failed to consider that Petitioner was denied the protection and safeguard that the Legislature codified under § 821.0211, excluding judges "*who give preference to family law matters*", to insure the fair administration of justice, and to insure a fair and impartial tribunal. This Petitioner was denied her guaranteed rights to

lawful due process of law protected by the Fifth and Fourteenth Amendments of the United States Constitution, as well as Article 1, Section 19 of the Texas Constitution. The judge is excluded from issuing judgments of conviction, therefore the judgments against this Petitioner are null and void, and must be reversed and vacated.

## II. The Court of Appeals failed to consider important questions of state law that have not been, but should be, settled by this Court. Tex.R.App. P. 66.3(b)

As clearly shown above, this Honorable Court must decide a very important question of state law that was not settled by the Court of Appeals.

The question of the jurisdiction of the convicting court may be raised at any time. See _Bass v. State_, 427 S.W.2d 624, 626 (Tex.Cr.App.1968); _Ex parte Vasquez_, 122 Tex.Cr.R. 475, 56 S.W.2d 190 (1933); _Bragg v. State_, 109 Tex.Cr.R. 632, 6 S.W.2d 365 (1928); _Parr v. State_, 108 Tex.Cr.R. 551, 1 S.W.2d 892 (1928); _Woodard v. State_, 86 Tex.Cr.R. 632, 218 S.W. 760 (1920). "Judicial action without jurisdiction is void." _Cleveland v. Ward_, 116 Tex. 1, 285 S.W. 1063 (1926). "Judgment which court is without jurisdiction to render is void." _Glenn v. Dallas County Bois D'Arc Island Levee Dist._, 282 S.W. 339 (Tex.Civ.App.1926).

"Void" convictions should be defined as those in which the trial court lacked jurisdiction over the person or subject matter or in which the trial judge lacked qualification to act in any manner. _See, e.g., Ex parte Seidel_, 39 S.W.3d 221, 226-27

(Tex.Crim.App.2001) (Womack, J., dissenting, joined by Keller, P.J. & Meyers, J.). *See also* <u>Nix v. State,</u> 65 S.W.3d 664, 673, (Tex.Crim.App.2001) (discussing "void" judgments and categorizing them in a "nearly exclusive" list as: "(1) the document purporting to be a charging instrument (i.e. indictment, information, or complaint) does not satisfy the constitutional requisites of a charging instrument thus the trial court has no jurisdiction over the defendant; (2) <u>the trial court lacks subject matter jurisdiction over the offense charged, such as when a misdemeanor involving official misconduct is tried in a county court at law;</u> (3) the record reflects that there is no evidence to support the conviction; or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, when such has not been waived, in violation of *Gideon v. Wainwright*") (footnotes omitted).

"Jurisdiction may be concisely stated to be the right to adjudicate concerning the *subject matter* in a given case. [Citation omitted] Unless the power or authority of a court to perform a contemplated act can be found in the *Constitution or laws enacted thereunder,* it is without jurisdiction and its acts without validity." <u>Ex parte Armstrong, 110 Tex.Cr.R. 362, 8 S.W.2d 674, 675, 676 (1928),</u> "Jurisdiction of the subject matter cannot be conferred by agreement; this type of jurisdiction exists by reason of the authority vested in the court by the Constitution and statutes. <u>Ex parte Caldwell, 383 S.W.2d 587 (1964); *Morrow v. Corbin,* 122 Tex. 553, 62 S.W.2d 641 (1933); *Ex parte Armstrong,* supra.</u>

"Furthermore, it is likewise axiomatic that where there is no jurisdiction, the power of the court to act is as absent as if it did not exist," _Ex parte Caldwell, supra at 589,_ and any order entered by a court having no jurisdiction is void. E. g., _Ex parte Sandoval, supra; Ex parte Armstrong, supra._ "Judgment is a void judgment if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process," Fed. Rules Civ. Proc., Rule 60(b)(4), 28 U.S.C.A., U.S.C.A. Const. Amend. 5 - _Klugh v. U.S.,_ 620 F.Supp. 892 (D.S.C. 1985). "A void judgment, order or decree may be attacked at any time or in any court, either directly or collaterally" - The law is well-settled that a void order or judgment is void even before reversal. _Valley v. Northern Fire & Marine Ins. Co.,_ 254 U.S. 348, 41 S.Ct. 116 (1920).

"A "void judgment" as we all know, grounds no rights, forms no defense to actions taken there under, and is vulnerable to any manner of collateral attack (thus here, by). No statute of limitations or repose runs on its holdings, the matters thought to be settled thereby are not res judicata, and years later, when the memories may have grown dim and rights long been regarded as vested, any disgruntled litigant may reopen the old wound and once more probe its depths. And it is then as though trial and adjudication had never been." _Fritts v. Krugh,_ 92 N.W.2d 604, 354 S.Ct. of Mich. 97. (1958).

This Court must settle the question whether the Judge of Hopkins County Court At Law has the lawful jurisdiction to preside over allegations of cruelty to a livestock

animal. This Court must settle the question whether the judgments of conviction against this Petitioner are null and void for lack of the Judge's subject matter jurisdiction.

### III. The Court of Appeals failed to consider important questions of state and federal law in conflict with applicable decisions of the Supreme Court of the United States. Tex.R.App. P. 66.3(c)

The Court of Appeals failed to consider that the judgments of conviction against Petitioner Paselk conflict with applicable decisions of the Supreme Court of the United States. The judgments of conviction violate Paselk's Constitutionally protected and guaranteed rights to proper lawful due process afforded by the 14th Amendment. The Judgments obtained by the Hopkins County Court At Law judge, who is lawfully excluded by the Legislature from presiding over allegations of cruelty to a livestock animal, violate Paselks lawful and Constitutional protections and guarantees.

# PRAYER

This Petitioner prays that this honorable Court will find that the Judge of the Hopkins County Court At Law is excluded from presiding over allegations of cruelty to a livestock animal. This Petitioner further prays that this Court will finally settle the question of law whether the Hopkins County Court At Law is excluded from presiding over allegations of cruelty to a livestock animal because the Judge gives preference to family law matters. This Petitioner prays this Court will find the judgments of conviction against Petitioner Paselk are already null and void, and that they be overturned.

Respectfully Submitted,

Carol Paselk, Pro Se Petitioner
P.O. Box 1284
Emory, Texas 75440
(940) 435-3210

## CERTIFICATE OF COMPLIANCE

Pursuant to TRAP Rule 9.4(i)(3), in making this Certificate of Compliance, I am relying on the word count provided by the Libre Office 4.2.5.2 computer software used to prepare this document. In compliance with TRAP Rule 9.4(i)(2)(B), according to the Libre Office word-count function, this Appellant's Brief, contains 5,246 words. In compliance with TRAP 9.4(e), the typeface used in this Brief is no smaller than 14-point, except for footnotes, which are no smaller than 12-point.

Carol Paselk, Pro Se Appellant
P.O. Box 1284
Emory, Texas 75440


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing "Petition For Discretionary Review" has been mailed via United States Postal Service mail to William Ramsay, Appellate Counsel for the State of Texas, 110 Main Street, Sulphur Springs, TX 75482, on the _____ day of _____, 2014.

Carol Paselk, Pro Se Appellant
P.O. Box 1284
Emory, Texas 75440

# APPENDIX A



# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00099-CR

EX PARTE: CAROL PASELK

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 00665

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

Carol Paselk's appeal of the denial of her petitions for habeas corpus relief has it origins in two previous convictions in the County Court at Law of Hopkins County for cruelty to livestock animals.[1] In 2010, we upheld both convictions. *Paselk v. State*, No. 06-09-00214-CR, 2010 WL 3034258, at *1 (Tex. App.—Texarkana Aug. 5, 2010, pet. ref'd) (mem. op., not designated for publication); *Paselk v. State*, No. 06-09-00215-CR, 2010 WL 3034255, at *1 (Tex. App.—Texarkana Aug. 5, 2010, pet. ref'd) (mem. op., not designated for publication). Paselk filed on April 21, 2014, petitions for writs of habeas corpus in the 8th Judicial District Court of Hopkins County arguing, among other things, that the two convictions were void and maintaining that the County Court at Law lacked subject-matter jurisdiction.

Article 11.072 of the Texas Code of Criminal Procedure "establishes the procedures for an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision."[2] TEX. CODE CRIM. PROC. ANN. art. 11.072, § 1 (West Supp. 2014); *Villanueva*, 252 S.W.3d at 395–96. Article 11.09 of the Texas Code of Criminal Procedure establishes the procedure for seeking a

---

[1] *See* TEX. PENAL CODE ANN. § 42.09 (West 2011).

[2] Paselk has completed both her sentence and her community supervision term. "The writ of habeas corpus is the remedy to be used when any person is restrained in his liberty." TEX. CODE CRIM. PROC. ANN. art. 11.01 (West Supp. 2014). "It is an order issued by a court or judge of competent jurisdiction, directed to any one having a person in his custody, or under his restraint, commanding him to produce such person, at a time and place named in the writ, and show why he is held in custody or under restraint." *Id.* "The terms 'confinement' and 'restraint,' for habeas corpus purposes, have been defined broadly" to "include a wide variety of detrimental consequences." *Ex parte Ali*, 368 S.W.3d 827, 831, 832 (Tex. App.—Austin 2012, pet. ref'd); *see Ex parte Harrington*, 310 S.W.3d 452, 457 (Tex. Crim. App. 2010); *Le v. State*, 300 S.W.3d 324, 326–27 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding); *State v. Collazo*, 264 S.W.3d 121, 126–27 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). Thus, "the completion of an applicant's sentence or probationary term does not deprive the trial court of jurisdiction." *Ali*, 368 S.W.3d at 831; *see Ex parte Villanueva*, 252 S.W.3d 391, 395–96 (Tex. Crim. App. 2008) (Section 11.072 expressly "permits a person who is serving or who has completed a term of community supervision to file an application for a writ of habeas corpus."); *Ex parte Schmidt*, 109 S.W.3d 480, 481 (Tex. Crim. App. 2003).

2

writ of habeas corpus in misdemeanor cases not involving community supervision. TEX. CODE CRIM. PROC. ANN. art. 11.09 (West 2005). In one case, Paselk was placed on community supervision; in the other case, she was sentenced to 275 days' confinement in the Hopkins County Jail. *Paselk*, 2010 WL 3034258, at \*1; *Paselk*, 2010 WL 3034255, at \*1. Accordingly, Paselk's petitions for writs of habeas corpus were filed under Articles 11.072 and 11.09, respectively, of the Texas Code of Criminal Procedure. We affirm the district court's judgment with respect to Paselk's Article 11.072 petition, but find that we are without jurisdiction over Paselk's appeal from the denial of her Article 11.09 petition.

An applicant seeking relief via the writ of habeas corpus bears the burden to prove his claim by a preponderance of the evidence. *Ex parte Morrow*, 952 S.W.2d 530, 534 (Tex. Crim. App. 1997); *In re Davis*, 372 S.W.3d 253, 256 (Tex. App.—Texarkana 2012, orig. proceeding). In reviewing a trial court's ruling on a post-conviction application for the writ, we view the evidence in the light most favorable to the habeas court's ruling, and we uphold that ruling absent an abuse of discretion. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335, 371 (Tex. Crim. App. 2007); *see Ex parte Simpson*, 260 S.W.3d 172, 174 (Tex. App.—Texarkana 2008, pet. ref'd). We afford almost total deference to the habeas court's findings of historical fact, so long as the findings are supported by the record. *Ex parte White*, 160 S.W.3d 46, 50 (Tex. Crim. App. 2004). Similarly, we will defer to the habeas court's application of the law to the facts, but only when resolution of the ultimate question turns on an evaluation of credibility and demeanor. *Ex parte Harrington*, 310 S.W.3d 452, 457 (Tex. Crim. App. 2010); *White*, 160 S.W.3d at 50.

when resolution of the ultimate question turns solely on an application of legal standards, our review is de novo. *Peterson,* 117 S.W.3d at 819.

"An application under Article 11.072 'must be filed with the district clerk of the court in which community supervision was imposed'" and must "attack the 'legal validity' of '(1) the conviction for which or order in which community supervision was imposed'; or '(2) the conditions of community supervision.'" *Villanueva,* 252 S.W.3d at 395 (quoting TEX. CODE CRIM. PROC. ANN. art. 11.072, § 2). Paselk's burden to show that she is entitled to habeas relief includes providing an adequate record demonstrating compliance with Article 11.072. *See* TEX. R. APP. P. 52.7(a) (requiring certified copies of all relevant documents filed in any underlying proceeding and a properly authenticated transcript of any relevant testimony from any underlying proceeding); *In re Turner,* 177 S.W.3d 284, 288 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding). Paselk's Article 11.072 petition for habeas relief was filed with the district court. Here, while Paselk attacked the legal validity of her convictions, nothing beyond a bare assertion in the petition demonstrates that the Article 11.072 petition for writ of habeas corpus was first filed in the County Court at Law of Hopkins County—the court in which community supervision was imposed.[3] Thus, we cannot say that the district court abused its discretion in concluding that the Article 11.072 petition was improperly filed.[4]

---

[3]Paselk's petition stated, "Petitioner filed Petition For Writ of Habeas Corpus with the County Court At Law on July 28, 2011. Judge Amy Smith denied Petition by letter. Petitioner filed a second Petition For Writ of Habeas Corpus with Judge Amy Smith, with new information, on December 12, 2013. Judge Amy Smith denied Petition by letter."

[4]Paselk provided the district court with a "Supplement of Brand New Court of Appeals Case Law" not originally included in her petition for writ of habeas corpus. The supplement and Paselk's brief on appeal rely heavily on a ruling of the Oregon Court of Appeals in a case she cites as "*State of Oregon v. Amanda L. Newton* Multnomah County Circuit Court 110443303, A149495" and appears to complain that the trial court refused to recognize it as authority. We located the case to which Paselk referred and note that the Oregon Supreme Court has agreed to

4

We recognize that in its order denying Paselk's Article 11.072 petition, the trial court wrote, "According to Petitioner . . . , she has already sought habeas relief from the proper court. It was denied." Even assuming that Paselk had filed the Article 11.072 petition with the County Court at Law of Hopkins County, our result would be the same. Article 11.072, Section 9 "restricts the circumstances under which a court can consider the merits of claims raised in a subsequent application." *Villenueva*, 252 S.W.3d at 396. Section 9 states,

> (a) If a subsequent application for a writ of habeas corpus is filed after final disposition of an initial application under this article, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application.

> (b) For purposes of Subsection (a), a legal basis of a claim is unavailable on or before a date described by that subsection if the legal basis was not recognized by and could not have been reasonably formulated from a final decision of the United States Supreme Court, a court of appeals of the United States, or a court of appellate jurisdiction of this state on or before that date.

> (c) For purposes of Subsection (a), a factual basis of a claim is unavailable on or before a date described by that subsection if the factual basis was not ascertainable through the exercise of reasonable diligence on or before that date.

TEX. CODE CRIM. PROC. ANN. art. 11.072, § 9. Because our record does not contain any petition for writ of habeas corpus filed with the County Court at Law of Hopkins County, we are unable to ascertain whether Paselk's petition with the district court met the requirements of Section 9. Clearly, if Paselk's Article 11.072 petition was identical to the one submitted to the County

---

review that case on appeal from the Court of Appeals. *See Oregon v. Newcomb*, 324 P.3d 557 (Or. App. 2014). Even if the case she cited were the final rule of law as it applies in Oregon, the district court here was correct in stating, in an order denying an "apparent request for reconsideration of" its ruling, that an Oregon case has no precedential value in the determinations applying to this case.

5

Court at Law of Hopkins County, the district court would be restricted from considering the petition on its merits.

Our treatment with respect to Paselk's Article 11.09 petition is different. Unlike Article 11.072, which mandates that a habeas petition "*must* be filed with . . . the court in which community supervision was imposed," TEX. CODE CRIM. PROC. ANN. art. 11.072, § 2 (emphasis added), Article 11.09 merely states that a person "*may* apply to the county judge of the county in which the misdemeanor is charged to have been committed," TEX. CODE CRIM. PROC. ANN. art. 11.09 (emphasis added). In contrast to Article 11.072, the language of Article 11.09 "is permissive, not mandatory, and is therefore merely advisory in nature." *State ex rel. Rodriguez v. Onion*, 741 S.W.2d 433, 434 (Tex. Crim. App. 1987) (orig. proceeding); *see Ex parte Tarango*, 116 S.W.3d 201, 202 n.3 (Tex. App.—El Paso 2003, no pet.); *In re Maxwell*, 970 S.W.2d 70, 71 n.1 (Tex. App.—Houston [14th Dist.] 1998, orig. proceeding). Under Article 11.05 of the Texas Code of Criminal Procedure, "[t]he Court of Criminal Appeals, the District Courts, the County Courts, or any Judge of said Courts, have power to issue the writ of habeas corpus." TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2005). As a result, Article 11.09 does not deprive district courts of jurisdiction to hear post-conviction habeas corpus petitions in misdemeanor cases.[5] *Onion*, 741 S.W.2d at 434. Thus, both county and district courts have original jurisdiction in habeas corpus proceedings when attacks are made upon the validity of

---

[5]The district court's order states that Paselk could have appealed the county court's denial of her Article 11.09 petition, assuming that such a petition had been filed there. When the court in which an Article 11.09 application was filed denies the writ, the applicant can also present his application to another court having jurisdiction. *See Mayes v. State*, 538 S.W.2d 637, 639 (Tex. Crim. App. 1976); *Cree v. State*, 814 S.W.2d 74, 76 (Tex. App.—Corpus Christi 1991), *pet. ref'd*, 817 S.W.2d 344 (Tex. Crim. App. 1991).

misdemeanor convictions not involving community supervision. *Id.*; *Tarango*, 116 S.W.3d at 202 n.3; *Maxwell*, 970 S.W.2d at 71 n.1.[6]

However, "[a] trial court's ruling [in a habeas corpus proceeding] is appealable only when the trial court issues the writ and then rules on the merits of the questions presented at the hearing and denies the relief sought." *In re Shaw*, 175 S.W.3d 901, 904 (Tex. App.—Texarkana 2005, orig. proceeding). But, "when a trial judge refuses to issue a writ or denies an applicant a hearing on the merits of his or her claims, there is no right to appeal." *Villanueva*, 252 S.W.3d at 394.

Paselk argues that the district court erred in failing to consider the merits of her numerous claims and in denying habeas relief "without any hearing or consideration of the pertinent facts."[7] Here, the district court (1) did not grant Paselk's petition for writ of habeas corpus, (2) did not hold a hearing or purport to rule on the merits of Paselk's claims, (3) did not rule on the merits of Paselk's claims, except to determine that the county court had jurisdiction over Paselk's convictions, and (4) denied habeas relief. Thus, here, "[t]here is no appeal from a refusal to issue the writ of habeas corpus" under Article 11.09. *Ex parte McCullough*, 966 S.W.2d 529, 531 (Tex. Crim. App. 1998) (per curiam); *see Ex parte Hargett*, 819 S.W.2d 866,

---

[6]*See also Ex parte Davis*, No. 12-09-00172-CR, 2010 WL 827322, at *1 (Tex. App.—Tyler Mar. 10, 2010, pet. ref'd) (mem. op., not designated for publication). Although this unpublished case has no precedential value, we may take guidance from it "as an aid in developing reasoning that may be employed." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

[7]Although Paselk raised several complaints in her habeas petition, the trial court only addressed the issue of the county court's jurisdiction over Paselk's convictions. "[C]ounty courts shall have original jurisdiction of all misdemeanors of which exclusive original jurisdiction is not given to the justice court, and when the fine to be imposed shall exceed five hundred dollars." TEX. CODE CRIM. PROC. ANN. art. 4.07 (West 2005). Under Section 42.09 of the Texas Penal Code, Paselk was charged with a class A misdemeanor. *See* TEX. PENAL CODE ANN. § 42.09(c). Class A misdemeanors are punishable by a fine not to exceed $4,000.00, confinement in jail for a term not to exceed one year, or both such fine and confinement. TEX. PENAL CODE ANN. § 12.21 (West 2011). Thus, the district court correctly ruled that the County Court at Law of Hopkins County had jurisdiction over the State's indictments against Paselk.

868–69 (Tex. Crim. App. 1991), *superseded in part by statute as discussed in Villanueva*, 252 S.W.3d at 397 (because writ issues automatically in Article 11.072 cases, *Hargett* rule does not apply); *Shaw*, 175 S.W.3d at 903–04 (citing *Ex parte Martell*, 901 S.W.2d 754, 755 (Tex. App.—San Antonio 1995, no pet.) (per curiam); *Cree*, 814 S.W.2d at 76.[8]

We affirm the trial court's ruling with respect to her Article 11.072 petition for writ of habeas corpus, but dismiss the portion of Paselk's appeal related to her Article 11.09 petition for writ of habeas corpus for want of jurisdiction.

Bailey C. Moseley
Justice

Date Submitted:     August 21, 2014
Date Decided:       October 1, 2014

Do Not Publish

---

[8] "In a case where a judge refuses to issue the requested writ of habeas corpus or denies an applicant the requested hearing on the merits of his claim, an applicant's remedies are limited." *Hargett*, 819 S.W.2d at 868; *Villanueva*, 252 S.W.3d at 394. "Some remedies available to an applicant in that situation are to present the application to another district judge having jurisdiction, or under proper circumstances, to pursue a writ of mandamus." *Hargett*, 819 S.W.2d at 868 (citations omitted); *see Villanueva*, 252 S.W.3d at 394.

FILED IN COURT OF APPEALS

OCT 01 2014

Texarkana, Texas
Debra Autrey, Clerk

8



# Court of Appeals
# Sixth Appellate District of Texas

## J U D G M E N T

Ex Parte: Carol Paselk

No. 06-14-00099-CR

Appeal from the 8th District Court of Hopkins County, Texas (Tr. Ct. No. 00665). Memorandum Opinion delivered by Justice Moseley, Chief Justice Morriss and Justice Carter participating.

As stated in the Court's opinion of this date, we find no error in the judgment of the court below. We affirm the trial court's ruling with respect to Carol Paselk's Article 11.072 petition for writ of habeas corpus, but dismiss for want of jurisdiction the portion of her appeal related to her Article 11.09 petition for writ of habeas corpus.

We note that the appellant has adequately indicated her inability to pay costs of appeal. Therefore, we waive payment of costs.

RENDERED OCTOBER 1, 2014
BY ORDER OF THE COURT
JOSH R. MORRISS, III
CHIEF JUSTICE

ATTEST:
Debra K. Autrev. Clerk